SAUMALEATO VALOVALO AOELUA, appellant

v.

PULOUOLEOLA TAGOA'I, Appellee

[In Re Matai Title "AOELUA"]

High Court of American Samoa
Appellate Division

AP No. 020-85

March 20, 1986

Before MURPHY, Associate Justice, Presiding, KING,* Acting Associate Justice, and HEEN,** Acting Associate Justice.

Counsel:   For the Appellant, Aitofele Sagapolutele
           For the Appellee, Tuana'itau Tuia

PER CURIAM:

This is an appeal from a decision in a matai case rendered by four Samoan Associate Judges, Chief Justice Gardner presiding. The standard of appellate review of judicial findings of fact is the "clearly erroneous" standard set forth in United States v. United States Gypsum Co., 333 U.S. 364 (1948).

Appellant takes umbrage with the Court's finding that Leuea is the only clan of the Aoelua family. It doesn't matter whether there is or is not only one clan in this family since the Court found both candidates had equal family support. The title was awarded on the finding, purely subjective, that appellee was of greater value to the family and village. There was ample testimony to support that finding and it was not clearly erroneous.

Accordingly, the decision of the trial court is affirmed.

MURPHY, A.J., CONCURRING.

I think perhaps the time has come to examine the wisdom of permitting appeals in matai cases. To state the obvious, judicial appellate review is intended to 1. correct errors of law committed by the trial court, and/or 2. correct clearly

erroneous findings of facts or abuse of discretion by the trial court. There really are no issues of law in matai cases since decisions are supposedly based upon customs and traditions. See Foreword, I. Goldman, Ancient Polynesian Society (Chicago, University of Chicago Press, 1970).

The factual questions presented to the trial court generally are: Who has the best hereditary right? Who has the support of the majority of the family? Who is best able to serve the family as the matai? See Laughlin, United States Government Policy and Social Stratification, Vol. 53 Oceania.

These are subjective questions of fact which are determined by a panel of four Samoan Associate Judges. A.S.C. sec. 3.0240. This is a process that was begun in 1906 by a naval regulation promulgated by Commander C.B.T. Moore. (The wisdom of determining matai titles in the High Court in the first place is not addressed in this opinion.) The process has been continued in one form or another by every succeeding legislature.

Appeals came later. It was not until 1979 that the present composition of the Appellate Division was created. A.S.C. sec. 3.0220. The Appellate Court now is composed of three High Court Justices (usually supplemented by United States Judges on temporary appointment) and two Samoan Associate Judges. Naturally the Justices tend to defer to the Samoan Judges, so two Judges review the fact finding process of four of their peers.

The practical result is that matai cases simply are never reversed or modified on appeal and I think rightly so. It would be absurd for two judges to substitute their opinions for that of four of their colleagues.

What good does the appellate process do? Most families have been without a matai for months or years before the case reaches the trial court. To pursue an appeal simply means that the interregnum is continued additional months. Surely it has a disruptive effect on the family. It affords the disgruntled candidates (who at trial usually pledge support for whomever the court may select) an opportunity to play dog in the manger and sew the seeds of future discontent.

It is interesting to note that in Western Samoa no such appeals are allowed. Western Samoa Constitution Part V, Sec. 44. Maybe in this situation, they've got the right idea.

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting pro tem by order of Chief Justice Gardner. **Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting pro tem by order of Chief Justice Gardner.